GODERICH, Judge.
The plaintiffs, Floyd Melton and Alice Melton, appeal from a final judgment denying their request for declaratory and in-junctive relief and ordering them to remove their dock. We affirm.
The Meltons applied to the Florida Department of Environmental Regulation [FDER] for an after-the-fact permit to construct a pier, as an addition to an existing dock, on the shoreline of their lot located in an improved subdivision in Monroe County. FDER issued a permit on May 31, 1989. Thereafter, on September 5, 1989, Monroe County issued a building permit for the construction of the dock.
Charles E. Clarke, a neighbor, unsuccessfully challenged the FDER permit. Clarke also filed an administrative appeal challenging the issuance of the county building permit. The planning commission issued a resolution on November 20, 1989, revoking the building permit. Then, the Code Enforcement Board entered an order finding the Meltons guilty of constructing a dock without a valid permit and ordering the Meltons to remove the dock within sixty days or a fine of $100 per day would be imposed. The fine was imposed beginning June 22, 1990. The Code Enforcement Board has also informed the Meltons of their intention to impose a lien on the property and to foreclose upon the property.
The Meltons brought an action seeking to have section 9.5-521, Monroe County Code, the section of the county’s Land Development Regulations [LDRs] dealing with appeals from administrative actions declared unconstitutional, to set aside the planning commission’s November 20, 1989 resolution, to prevent foreclosure of the Code Enforcement Board’s lien, and damages from the county. The trial court abated the action pending disposition of an administrative appeal to the Board of County Commissioners since the county had not notified the Meltons of their right to such an appeal. The Board of County Commissioners remanded the resolution back to the planning commission for findings of fact and conclusions of law. The planning commission drafted a new resolution. The Board of County Commissioners affirmed the new resolution.
The trial court denied the Meltons’ petition for writ of certiorari stating that procedural due process had been afforded and that all essential requirements of the law had been observed. The trial court entered a final judgment denying the Melton’s request for declaratory and injunctive relief and granting Clarke’s counterclaim for a mandatory injunction ordering the Meltons to remove the dock.
*483 The Meltons appeal primarily contending that their dock is an accessory use which should be permitted as of right. We disagree.
The Meltons’ property is located in the Improved Subdivision (IS) zoning district. According to Section 9.5-242, Monroe County Code, accessory uses are permitted as of right in the IS district. Section 9.5-4(A-2), Monroe County Code, defines “an accessory use or accessory structure” as:
a use or structure that is subordinate to and serves a principal use or structure; is subordinate in area, extent and purpose to the principal use or structure served; contributes to the comfort, convenience or necessity of occupants of the principal use or structure served; and is located on the same lot or lots under the same ownership and in the same land use district as the principal use or structure.
The Meltons’ 2,000 square foot, 300 foot long dock is not subordinate in area to the principal structure, is not located on the same lot or lots under the same ownership, and is not in the same land use district as the principal use or structure. Therefore, the dock is not an accessory use and does not enjoy as of right permitting status.
The Meltons’ dock is a conditional use as defined by section 9.5-61, Monroe County Code:
Conditional uses are those uses which are generally compatible with the other land uses permitted in a land use district, but which require individual review of their location, design and configuration and the imposition of conditions in order to ensure the appropriateness of the use at a particular location.
In considering an application for a conditional use permit, the planning commission has to consider whether:
(a) The conditional use is consistent with the purposes, goals, objectives and standards of the plan and this chapter;
(b) The conditional use is consistent with the community character of the immediate vicinity of the parcel proposed for development;
(c)The design of the proposed development minimizes adverse effects, including visual impacts, or the proposed use on adjacent properties;
* * * * * *
(h) Public access to public beaches and other waterfront areas is preserved as part of the proposed development.
Section 9.5-65, Monroe County Code.
Monroe County had to review the Meltons’ application using the foregoing standards. We must agree with the factual conclusion of the administrative appeal and the decision of the trial court that this 300 foot long dock is not consistent with the goals, objectives and standards of Monroe County’s Comprehensive Plan and LDRs, is inconsistent with the community character since all other docks were between 100 and 125 feet long, and adversely affected public access to the waters immediately adjacent to the property. No other dock in this area begins to approach either the length or square footage of the Meltons’ dock.
We find that the Meltons remaining points lack merit and accordingly affirm the final judgment ordering the Meltons to remove their dock.